Elise MESH, Plaintiff,

v.

Richard E. BENNETT et al., Defendants.

No. 76 Civ. 5539.

United States District Court,
S. D. New York.

Dec. 31, 1979.

Levy & Levy, New York City, for plaintiff.

Davis, Polk & Wardwell, New York City, for defendants Eugene R. Black, Raymond L. Brittenham, Anthony J. A. Bryan, William Elfers, Frederic C. Hamilton, Lyman C. Hamilton, Jr., Herbert C. Knortz and John A. McCone.

LASKER, District Judge.

This is a shareholder derivative action claiming that the failure to include certain information in a proxy statement sent to ITT shareholders violated the federal securities laws and the fiduciary duty owed by the individual defendants to ITT.

Various defendants including International Telephone and Telegraph Corporation (ITT), move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to state a claim upon which relief may be granted. Since affidavits have been submitted, the motion is treated as one for summary judgment.

The proxy statement, dated March 25, 1974, sought approval of a proposed modification to ITT's Career Executive Incentive Stock Purchase Plan (CEISPP) which would require ITT to buy back the shares it sold under the plan to ITT employees at their original purchase price or at the market price at the time of sale, whichever was lower. The description of this modification to CEISPP provided in the proxy statement included the number of shares outstanding under the plan (686,545), the purchase price range for those shares ($23.63 to $30.00 per share), and the closing price for shares of ITT common stock on the New York Stock Exchange on March 1, 1974.

Mesh argues that ITT's failure to disclose in the proxy statement that the modification would cost the corporation over $17,-000,000[1] constituted an omission of a material fact in violation of Rule 14a–9, 17 C.F.R. § 240.14a–9 (1979), and section 14(a) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78n(a).

■ A proxy statement violates section 14(a) of the 1934 Act if it "omits to state any material fact necessary in order to make the statement therein not false or misleading . . . ." 17 C.F.R. § 240.-14a–9 (1979). The standard of materiality in this context is whether

" . . . there is a substantial likelihood that a reasonable shareholder would consider it important in deciding how to vote."

*TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 449, 96 S.Ct. 2126, 2132, 48 L.Ed.2d 757 (1976).

■ The critical issue in an "omission" case is whether the omission is " 'so obviously [un]important to an investor, that reasonable minds cannot differ on the question of materiality,' " *TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. at 450, 96 S.Ct. at 2133 (quoting *John Hopkins University v. Hutton*, 422 F.2d 1124, 1129 (4th Cir. 1970)); *Securities & Exchange Comm'n v. Research Automation Corp.*, 585 F.2d 31, 34–35 (2d Cir. 1978).

■ Here the proxy statement provided the number of shares that were outstanding under the CEISPP and their range of purchase prices. To arrive at the maximum possible cost of the proposed change, a voter could simply multiply the number of shares by the highest amount paid for them.

Of course, the proposed modification would cost less than that figure because some shares had been sold at a price below the maximum of the range. Since an estimate of the cost computed in this way would be higher than the actual cost, no damage could have occurred to the corporation by the proxy statement's failure to include any additional information. It is true that it was impossible to determine from the information contained in the proxy statement precisely how much less than that amount the possible maximum cost would be. But even if the proxy statement included the number of shares sold at each price level, a statement of the total cost of the proposal would have been only speculation, since it was impossible to predict how many employees would tender their shares, nor whether the market price would fall below their respective purchase

---

1. In her memorandum in opposition, Mesh raises the failure to include in the proxy statement the tax consequences and accounting treatment of the proposal. However, she says nothing further on the subject, and in particular does not show how this omission was material to a shareholder's decision how to vote.

Mesh also discusses in her memorandum the "buried facts doctrine," but does not state how

that doctrine applies to the proxy statement here. However, an examination of the proxy statement reveals that the information concerning the number of shares outstanding and their purchase prices was set forth contiguously and coherently. Thus this is not a situation in which the facts are spread through a proxy statement or hidden in columns of data.

prices. Thus, it was not possible at the time the proxy statements were mailed to state accurately the cost of the proposal. Therefore, it appears that no reasonable juror could conclude that the cost of the modification was a "fact" illegally omitted from the proxy statement.

At best, the proxy statement might have offered an estimate of the cost, derived from a simple computation of the data contained in it. If a shareholder thought the potential cost important to his decision how to vote, however, he could easily have estimated it from the information provided. Therefore, we find that there is no substantial likelihood that a reasonable shareholder would have considered an estimate of the cost (in addition to the information already provided) important in deciding how to vote.

Accordingly, defendants are entitled to summary judgment in their favor on the securities law claim.

Since there is no viable federal claim presented, the pendent state claims for breach of fiduciary duty must be dismissed for lack of subject matter jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Schlick v. Penn Dixie Cement Corp.*, 507 F.2d 374, 377 (2d Cir. 1974), *cert. denied*, 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975).

The motion for summary judgment is granted.

It is so ordered.